*E-Filed 9/16/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ERIC HOUSTON, | No. C 11-3207 RS (PR) |
| Petitioner, | **ORDER REOPENING ACTION;** |
| v. | **ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |
| R. LOPEZ, Warden, | |
| Respondent. | |

**INTRODUCTION**

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. The petition was dismissed because petitioner failed to file a complete application to proceed *in forma pauperis* ("IFP"), or pay the filing fee of $5.00, within 30 days. Petitioner since has submitted a complete IFP application. Accordingly, this action is hereby REOPENED. The order of dismissal (Docket No. 4), and the judgment (Docket No. 5), are hereby VACATED. The petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

//

//

## BACKGROUND

According to the petition, petitioner was convicted in 2008 in an Alameda County Superior Court of murder and assault with a firearm. Petitioner has not stated the length of his prison term.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition may be barred by the 1-year statute of limitations imposed by AEDPA. The California Supreme Court denied the petition for direct review on May 13, 2010. Under the 1-year filing deadline, petitioner had until May 14, 2011 to file a timely federal habeas petition. The instant petition was filed on June 28, 2011. Absent tolling, the petition is untimely. The petition may be saved, however, if petitioner was pursuing state collateral relief during the time after the state supreme court rendered its decision. It does not appear on the face of the petition, however, that petitioner is entitled to tolling. It appears that he sought collateral relief simultaneously with seeking direct review. His state habeas petitions were denied on February 23, 2009 and January 1, 2010, which is before the state supreme court issued its decision on his direct appeal. It appears that petitioner filed a habeas petition with the state supreme court, but he does not give the filing date or the date of the decision. Such information is crucial to determining whether the petition is timely.

1    Accordingly, the petition is DISMISSED with leave to amend.  Petitioner shall file an
2 amended petition addressing the concerns detailed above within 30 days from the date this
3 order is filed.  More specifically, he must give specific details regarding what relief he
4 pursued in state court (direct or collateral), the dates he filed for relief, and the dates the state
5 courts rendered their decisions.  The first amended petition must include the caption and civil
6 case number used in this order (11-3207 RS (PR)) and the words FIRST AMENDED
7 PETITION on the first page.  Because an amended petition completely replaces the previous
8 petitions, petitioner must include in his first amended petition <u>all</u> the claims he wishes to
9 present. Petitioner may <u>not</u> incorporate material from the prior petition by reference.  Failure
10 to file an amended petition in accordance with this order will result in dismissal of this action
11 for failure to prosecute under Federal Rule of Civil Procedure 41(b).

12    Petitioner's motion to proceed IFP (Docket No. 6) is GRANTED.  The Clerk is
13 directed to reopen this action, and terminate Docket No. 6.

14    **IT IS SO ORDERED**.
15 DATED:  September 16, 2011
16                                            _____
                                               RICHARD SEEBORG
                                               United States District Judge